UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**BILLY RAY MEADOWS, JR.**             **CIVIL ACTION NO. 21-1178**

                                             **SECTION P**

**VS.**

                                             **JUDGE S. MAURICE HICKS, JR.**

**DARREL VANNOY**                     **MAG. JUDGE KAYLA D. MCCLUSKY**

## REPORT AND RECOMMENDATION

Petitioner Billy Ray Meadows, Jr., a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on approximately April 28, 2021. Petitioner attacks his conviction for second degree cruelty to juveniles, as well as the sentence imposed by the Fifth Judicial District Court, Parish of Franklin.[1] For the following reasons, the Court should dismiss this Petition.

## Background

The Louisiana Second Circuit Court of Appeal set forth the underlying facts in this case as follows:

> On July 21, 2015, the defendant's girlfriend left her young son in the defendant's care while she went to work. Several hours later, the defendant called and told her to return to the home they shared due to an emergency. She found the child cool to the touch, with blue lips and his eyes rolled back. She called 911, and the child was transported to the emergency room where he was pronounced dead. The child's stomach appeared swollen, and he had "visual bruises" on his body. Further examination revealed a discharge from his anal cavity. Upon further examination of the child's anus, the doctor found evidence of sexual molestation. The defendant later gave differing versions to law enforcement officers of what transpired after the child's mother left for work. These included accounts wherein the child fell off a "pot" (apparently a commode or potty chair) or down the stairs, and that he had left the child alone in the residence only to return and

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

> find him unconscious under a coffee table. Thinking that the child was asleep, the defendant admitted kicking him. The defendant also provided inconsistent accounts of hitting the child with a belt in his genital area.
>
> On August 10, 2015, the defendant was charged by grand jury indictment with the second degree murder of the child, during the perpetration or attempted perpetration of cruelty to juveniles.

*State v. Meadows*, 53,329, 293 So. 3d 681, 684 (La. App. 2 Cir. 3/4/20), *writ not considered,* 2020-01296 (La. 3/2/21).

On January 10, 2017, Petitioner pled guilty to second degree cruelty to juveniles. *State v. Meadows*, 246 So. 3d 639, 51,843 (La. App. 2 Cir. 1/10/18), *writ denied,* 2018-0259 (La. 10/29/18). On March 7, 2017, the trial judge sentenced Petitioner to forty years of imprisonment at hard labor. *Id.* The judge subsequently "adjudicated [Petitioner] a fourth felony offender pursuant to La. R.S. 15:529.1." *State v. Meadows*, 247 So. 3d 1018, 51,980 (La. App. 2 Cir. 4/11/18). "As a result of the habitual offender adjudication, [Petitioner's] sentence was enhanced from 40 years of imprisonment at hard labor to imprisonment for the rest of his natural life." *Id.*

Petitioner appealed, and, on January 10, 2018, the Court of Appeal of Louisiana, Second Circuit, affirmed his conviction and sentence. *Meadows*, 246 So. 3d at 646. On April 11, 2018, however, the Second Circuit reversed Petitioner's "adjudication as a fourth felony offender, vacate[d] his sentence, and remand[ed] for further proceedings . . . ." *Meadows*, 247 So. 3d at 1025.

On October 29, 2018, the Supreme Court of Louisiana denied Petitioner's application for writ of certiorari and/or review of the Second Circuit's first opinion listed above. *State v. Meadows*, 254 So. 3d 1208, 2018-0259 (La. 10/29/18).

"On July 17, 2019, [Petitioner] was sentenced under the Habitual Offender Statute as a fifth felony offender." *Meadows*, 293 So. 3d at 688. "[H]e was sentenced to life without the benefit of parole, probation, or suspension of sentence." *Id.* at 689.

Petitioner appealed once more, and on March 4, 2020, the Second Circuit Court of Appeal affirmed his sentence. *Id.* On March 2, 2021, the Supreme Court of Louisiana declined to consider Petitioner's writ application, finding it untimely under Louisiana Supreme Court Rule X, § 5(a). *State v. Meadows*, 311 So. 3d 1051, 2020-01296 (La. 3/2/21). Petitioner did not apply for certiorari before the United States Supreme Court. [doc. # 1, p. 3]. Petitioner did not seek post-conviction review in state court.

Here, Petitioner presents two assignments of error. He first claims:

> Excessive Sentence- The decision of the Second Circuit Court of Appeal conflicts with . . . <u>State v. Lyles</u>, 2019-00203, 286 So. 3d 407 (La. 10/22/19). During this appeal process the statute was changed to eliminate the use of the type of convictions used to adjudicate him as an habitual offender. (Simple Burglary) Both Act 257 and Act 282 were noted with, "This Act shall become effective November 1, 2017, and shall have prospective application only to offenders whose convictions became final on or after November 1, 2017." Meadows' conviction was not final until "after November 1, 2017." Mr. Meadows' conviction was still pending on appeal, therefore not final, on this date[.]

[doc. #s 1, p. 5; 1-1, p. 7]. Next, he claims that, at the final sentencing, the trial court did not consider mitigating factors under LA. CODE CRIM. PROC. art. 894.1. [doc. # 1-1, p. 12]. He writes specifically that the court "did not refer to or give weight to the numerous and important mitigating factors calling for a much less harsh and severe sentence." *Id.*

## Law and Analysis

**I.     Standard of Review**

Federal courts may provide habeas corpus relief to a state prisoner under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Under Section 2254(d), after a state court has adjudicated a prisoner's claims on the merits, an application for a writ of habeas corpus may be granted only if the petitioner shows that the adjudication:

> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

Review under § 2254(d)(1) is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). A decision is "contrary to" clearly established law if the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005) (*citing* Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). A decision involves an "unreasonable application" of clearly established law "if the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner." *Id.* (*citing Williams*, 529 U.S. at 407-08). "Clearly established law" refers to "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of relevant state-court decision." *Williams*, 529 U.S. at 412.

Section 2254(d)(2) involves a challenge to factual determinations made by state courts. *Hoffman v. Cain*, 752 F.3d 430, 437 (5th Cir. 2014). Federal courts presume such determinations to be correct; however, a petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(1).

4

A federal court must defer to a state court adjudication on the merits. *Valdez v. Cockrell*, 274 F.3d 941, 950 (5th Cir. 2001). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). An adjudication is "on the merits" when "the state court resolves the case on substantive grounds, rather than procedural grounds." *Id.* at 946-47. A federal court reviews de novo a claim not decided on the merits in state court. *Hoffman*, 752 F.3d at 437.

## II.     Petitioner's Claims

A.     <u>Claim One</u>

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A). The Fifth Circuit explained exhaustion as follows:

> The exhaustion requirement is satisfied when the substance of the federal claim is fairly presented to the highest state court on direct appeal or in state post-conviction proceedings, even if the state court fails to address the federal claim, or, if the federal claim is not fairly presented but the state court addresses it *sua sponte*. A claim is fairly presented when the petitioner asserts the claim in terms so particular as to call to mind a specific right protected by the Constitution or alleges a pattern of facts that is well within the mainstream of constitutional litigation.[2] It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made. Rather, the petitioner must afford the state court a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.

---

[2] A petitioner does not "fairly present" a claim to a state court if that court must read either a brief before a lower court or a lower court's opinion to locate the claim. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

*Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) (internal quotations marks and citations omitted). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that a petitioner must present his claims to each appropriate state court. *Baldwin*, 541 U.S. at 29.

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id.*

Here, Petitioner did not raise his first claim—that during his appeal process La. Rev. Stat 15:529.1 was changed to eliminate the type of convictions that the trial court used to find that he was a habitual offender—before all levels of state court. He raised this claim in his direct appeal to Louisiana Supreme Court, [doc. # 21-2, p. 486], but he did not present it to the intermediate appellate court, the Louisiana Second Circuit Court of Appeal. [*See* doc. # 21-2, pp. 119, 222, 401]. Thus, he did not properly exhaust his first claim. That said, the undersigned previously decided that Petitioner could attempt to raise this claim before the state courts using a motion to correct illegal sentence. [doc. # 22, p. 5].

Petitioner's second claim is likely procedurally defaulted yet technically exhausted. However, the State waived this defense, maintaining that Petitioner exhausted the claim. [*See* doc. 22, p. 7]. Thus, Petitioner presents one unexhausted claim (the first claim) and one either exhausted claim or, absent the waiver, one technically exhausted claim (the second claim). Petitioner, therefore, offers a mixed Petition.

District courts may not decide petitions for habeas corpus containing both exhausted and

6

unexhausted claims (i.e., "mixed" petitions). *Neville v. Dretke*, 423 F.3d 474, 482 (5th Cir. 2005) (*citing Rose v. Lundy*, 102 S. Ct. 1198 (1982)). Instead, courts may either: (1) allow the petitioner to dismiss all of his claims without prejudice to his right to re-file the petition after he exhausts all claims in the state courts; (2) allow the petitioner to delete (i.e. voluntarily dismiss) the unexhausted claims and proceed with only the exhausted claims; or (3) stay the petition, hold the proceeding in abeyance, and allow the petitioner to return to state court and exhaust his unexhausted claims. *See Burton v. Stewart*, 549 U.S. 147, 154 (2007).

Thus, on April 5, 2022, the undersigned ordered Petitioner to, within twenty-eight days, advise the Court whether he wished to (1) voluntarily dismiss his unexhausted claim and proceed with only the exhausted claim; (2) dismiss the entire proceeding without prejudice, attempt to exhaust the unexhausted claim in the state courts, and then return to federal court; or (3) move to stay the petition and then attempt to return to state court and exhaust his unexhausted claim.

Petitioner did not respond to the undersigned's Order. Thus, he does not present a motion for a stay, and the undersigned declines to recommend dismissing the entire proceeding without prejudice considering the potential likelihood that the deadline for filing a subsequent petition has already passed.[3] "[I]f a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of <u>all</u> of his claims—including those already exhausted—because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims." *Pliler*, 542 U.S. at 230 (emphasis added). Consequently, the Court must dismiss Petitioner's first

---

[3] The undersigned offers no definitive opinion on the statute of limitations or any form of tolling that may have occurred or may occur in the future. "[M]aking a case-specific investigation and calculation of whether the AEDPA limitations period has already run or will have run by the time the petitioner returns to federal court" is a "burdensome, time-consuming, and fact-intensive task[.]" *Pliler v. Ford*, 542 U.S. 225, 232 (2004).

7

claim as unexhausted.

Under 28 U.S.C. §2254(b)(1), "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-- . . . (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."[4] Petitioner here does not contend that there is an absence of available State corrective process or that circumstances exist that render State corrective processes ineffective to protect his rights.

The Fifth Circuit once "held that 'inordinate and unjustified delay in the state corrective process' may justify excusing the court-fashioned exhaustion requirement in habeas cases." *Hopes v. Davis*, 761 F. App'x 307, 310 (5th Cir. 2019) (*quoting Rheuark v. Wade*, 540 F.2d 1282, 1283 (5th Cir. 1976) (per curiam), and *citing Ex Parte Royall*, 117 U.S. 241 (1886)). However, the Fifth Circuit has "not applied [the] unjustified-delay excuse after Congress passed AEDPA in 1996." *Id.* Regardless, Petitioner does not argue that the state courts inordinately and unjustifiably delayed corrective process. Consequently, the Court should dismiss Petitioner's first claim because he failed to exhaust his state court remedies.[5]

---

[4] "If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim." *Engle v. Isaac*, 456 U.S. 107, 130 (1982).

[5] Petitioner is advised that 28 U.S.C. § 2244(d)(1) provides a one-year statute of limitations for filing habeas corpus applications by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). However, the statutory tolling provision in 28 U.S.C. § 2244(d)(2), provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ." A motion to correct an illegal sentence also tolls the one-year limitations period in § 2244(d). *Sampia v. Cain*, 48 F. App'x 916 (5th Cir. 2002).

B.     Claim Two

Citing only Louisiana law, Petitioner claims that his sentence is excessive because the trial court did not, at final sentencing, consider mitigating factors under LA. CODE CRIM. PROC. art. 894.1. [doc. # 1-1, pp. 11-12]. He writes specifically that the court "did not refer to or give weight to the numerous and important mitigating factors calling for a much less harsh and severe sentence." *Id.*

"[I]it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

In *Carlisle v. Lopinto*, 2022 WL 1778548, at *1 (5th Cir. June 1, 2022), for instance, the petitioner claimed that his "sentence was excessive under state law." The Fifth Circuit opined: "The argument fails, because 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" *Id.* (*quoting Estelle*, 502 U.S. at 67-68). The court added that the petitioner did not cite any relevant "clearly established Supreme Court law . . . ." *Id.; see Baham v. Whitley*, 5 F.3d 529 (5th Cir. 1993) (holding, where the petitioner claimed that the record did not reflect "consideration by the resentencing judge of the intent of the judge who imposed the original sentence[,]" that "a state's failure to follow its own sentencing procedures is not reviewable by federal habeas corpus."); *Mhoon v. Hargett*, 1 F.3d 1237 (5th Cir. 1993).

---

Thus, Petitioner may statutorily toll the statute of limitations if he properly seeks further collateral review. But the statute of limitations is not statutorily tolled while this Petition is pending in federal court. *Duncan v. Walker*, 533 U.S. 167, 173 (2001).

Here, Petitioner claims only that his sentence is excessive under Louisiana law. [doc. # 1-1, pp. 11-12]. As above, "federal habeas corpus relief does not lie for errors of state law . . . ." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). The Court should deny and dismiss this claim.

Notably, Petitioner does not claim or suggest that his sentence is excessive under the United States Constitution. To be sure, the Fifth Circuit has stated that, even though claims arising out of a state trial court's sentencing decision are "not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law." *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir.1987). If a sentence is within the statutory limits, as here,[6] a petitioner must show "that the sentencing decision was wholly devoid of discretion or amounted to an 'arbitrary or capricious abuse of discretion' . . . or that an error of law resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty."[7] *Id.* at 924 (citations omitted).

Here, Petitioner does not argue that the "sentencing decision" was wholly devoid of discretion, that the decision amounted to an arbitrary or capricious abuse of discretion, or that an

---

[6] Petitioner does not contend that his sentence is outside statutory limits. Moreover, as the Louisiana Second Circuit Court of Appeal said, Petitioner's "life sentence was a mandatory minimum . . . ." *Meadows*, 293 So. 3d at 691.

[7] Conversely, in *Haynes* (like in *Carlisle*), the court also dismissed the petitioner's claim—that the state court did not follow LA. CODE CRIM. PROC. ART. 894.1—reasoning that "a state's failure to follow its own sentencing procedures is not reviewable by federal habeas corpus." *Haynes*, 825 F. 2d at 924. Thus, the applicability of the 'abuse-of-discretion' standard above to Petitioner's claim here—i.e., that the trial court did not consider mitigating factors under LA. CODE CRIM. PROC. ART. 894.1—is unclear. In other words, it is unclear whether the standard applies when a petitioner does not claim or even suggest that his sentence is excessive in violation of the United States Constitution.

error of law resulted in the improper exercise of discretion. For that reason, the Court should deny his claim.

Even if Petitioner did argue that the sentencing decision was completely devoid of discretion, the Court should still deny his claim. The Louisiana Second Circuit Court of Appeal held: "given that Meadows' life sentence was a mandatory minimum, the district court was not required to justify a sentence it was legally required to impose." *Meadows*, 293 So. 3d at 691. In other words, because the sentencing judge was required to impose the life sentence, the judge did not have the opportunity to exercise (or fail to exercise) much[8] discretion when he imposed the sentence.

Further, and again even assuming Petitioner argued that the sentencing decision was wholly devoid of discretion, the undersigned would find that the sentencing decision was *not* wholly devoid of discretion, an arbitrary or capricious abuse of discretion, or an improper exercise of the sentencer's discretion, considering: (1) the severity of the conviction under review here; (2) Petitioner's prior convictions; and (3) that, as the Second Circuit noted, "the district court was aware of any and all mitigating factors" through judicial cognizance. *Meadows*, 293 So. 3d at 691.

As to the first consideration above, the state appellate court observed:

> [A] two-year-old child was killed under horrific circumstances. The fact that Meadows has shown remorse for his crimes, or that family members have

---

[8] The trial judge was not completely without authority to exercise discretion. Under a prior, applicable version of La. Rev. Stat. § 15:529.1(I), "If the court finds that a sentence imposed under the provisions of this Section would be constitutionally excessive pursuant to the criteria set forth in *State v. Dorthey*, 623 So.2d 1276 (La. 1993), then the court shall state for the record the reasons for such finding and shall impose the most severe sentence that is not constitutionally excessive." That said, "Downward departures from the minimum sentence under the Habitual Offender Statute should occur only in rare situations." *State v. Davis*, 01-123, 792 So. 2d 126, 132 (La. App. 5 Cir. 7/30/01).

> written letters in his support, do not outweigh the severity of his offense. The sentence is not disproportionate nor does it shock the sense of justice.

*Meadows*, 293 So. 3d at 691.

As to the second consideration, the state appellate court observed that Petitioner was convicted in 2000 for simple burglary and unauthorized use of a motor vehicle. *Id.* at 691-92. He was again convicted of simple burglary later in 2000. *Id.* at 692. In 2001, Petitioner was "convicted of simple burglary (as well as possession of a firearm by a convicted felon) . . . ." *Id.* In 2013, Petitioner was convicted of attempted possession of a firearm by a convicted felon.

As to the third consideration, the Second Circuit explained:

> Meadows was resentenced on remand from this Court after this Court determined that evidence presented at the initial habitual offender hearing did not sufficiently show all of the predicate felony offenses had not been cleansed. In rendering its instructions, this Court cited *State v. Roland*, 49,660 (La. App. 2 Cir. 2/27/15), 162 So. 3d 558, writ denied, 15-0596 (La. 2/19/16), 186 So.3d 1174, which states, "on remand in habitual offender proceedings, another habitual offender hearing presenting evidence to readjudicate is not necessarily required... a court may take judicial cognizance of any prior preceding which was a part of the same case it had previously tried." The district court was not required to conduct a full evidentiary hearing, but instead could take judicial cognizance of Meadows previous sentencing hearing.
>
> In Meadows' initial appeal, this Court upheld Meadows' 40-year sentence, ruling that it did not violate the Louisiana Constitution's prohibition of excessive sentences. The opinion noted that the trial court adequately complied with La. C. Cr. P. art. 894.1. *See*, *Meadows I, supra*. Therefore, due to judicial cognizance, the district court was aware of any and all mitigating factors that Meadows raised and the district court properly considered La. C. Cr. P. art. 894.1 prior to sentencing.

*Id.* at 691.

Finally, and even assuming Petitioner claimed that his sentence is excessive under United States Supreme Court precedent, he is not entitled to relief. In addition to the standard above in *Haynes*, the Fifth Circuit has utilized another standard: if a court "infer[s]" that a sentence is "grossly disproportionate to the" gravity of the offense, the court should then "compare the

12

sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions." *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992).

In *Jenkins v. Vannoy*, 2018 WL 11301544, at *1 (5th Cir. Nov. 21, 2018), a petitioner claimed that "the state trial court imposed an excessive sentence in violation of the Eighth Amendment because he [was] a nonviolent offender and the crime he committed stemmed from his drug addiction." The court compared the petitioner's offense and sentence to the petitioner's offense and sentence in *Rummel v. Estelle*, 445 U.S. 263, 266-67 (1980). *Id.* In *Rummel*, 445 U.S. at 266-67, the Supreme Court held that a defendant's sentence of life imprisonment for the offense of obtaining $120.75 by false pretenses, under a recidivist statute providing a mandatory sentence of life imprisonment for any defendant convicted of three felonies, did not violate the Eighth Amendment even where the defendant's prior offenses were non-violent.[9] The *Jenkins* court then concluded: "In view of the broad discretion accorded to the state court's sentencing decision and the proportionality of the instant sentence in comparison to *Rummel*, Jenkins fails to make a debatable showing that no fair-minded jurist could agree with the state court ruling." *Jenkins*, 2018 WL at *1.

Here, the undersigned does not "infer" that Petitioner's sentence is grossly disproportionate to the gravity of his offense because Petitioner's sentence is at least as proportionate to his offense as the petitioner's sentence was to the offense in *Rummel*.[10] *See*

---

[9] The petitioner in *Rummel* was previously convicted of "fraudulently using a credit card to obtain $80 worth of goods and" of "passing a forged check for $28.36." *Williams v. Scott*, 39 F.3d 320 (5th Cir. 1994).

[10] *Rummel* serves as a "'yardstick'" for comparing petitioners' crimes and sentences. *Smallwood v. Johnson*, 73 F.3d 1343, 1348 (5th Cir. 1996).

*McGruder*, 954 F.2d at 316 (finding, where a petitioner received a life sentence without parole under Mississippi's habitual offender statute, that even though the petitioner's most recent offense was auto burglary, his sentence was not, when compared to the sentence and offenses in *Rummel*, unconstitutionally disproportionate to the offenses supporting the habitual offender sentence); *Perkins v. Cain*, 163 F.3d 1354 (5th Cir. 1998).

Because Petitioner's sentence is not grossly disproportionate, the undersigned need not compare Petitioner's sentence to other sentences for similar crimes.

Petitioner has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Accordingly, this Court should deny Petitioner's claim.

## Conclusion

For the reasons above, **IT IS RECOMMENDED** that Petitioner Billy Ray Meadows, Jr.'s, first claim—that during his appeal process LA. REV. STAT 15:529.1 was changed to eliminate the type of convictions that the trial court used to find that he was a habitual offender—be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Petitioner's second and remaining claim—that the trial court did not consider mitigating factors under LA. CODE CRIM. PROC. art. 894.1—be **DENIED AND DISMISSED WITH PREJUDICE**.

Under 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 10th day of June, 2022.

_____
Kayla Dye McClusky
United States Magistrate Judge